# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS BRUCE | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 2:17-03940-JTM-JCW |
| | * | |
| vs. | * | SECTION "H" (5) |
| | * | |
| ANCRA INTERNATIONAL, LLC and/or | * | JUDGE: JANE TRICHE MILAZZO |
| ANCRA INTERNATIONAL CORPORATION | * | |
| and/or ANCRA INTERNATIONAL, LLC OF | * | MAGISTRATE: JOSEPH C. |
| DELAWARE | * | WILKINSON, JR. |
| | * | |
| Defendant. | * | |

## ANSWER OF ANCRA INTERNATIONAL, LLC
## TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant, Ancra International, LLC (improperly named as Ancra International, LLC and/or Ancra International Corporation and/or Ancra International, LLC of Delaware) ("Ancra"), by and through its counsel, and hereby answers Plaintiff Thomas Bruce's Amended Complaint and asserts Affirmative Defenses, as follows:

### GENERAL DENIAL

Ancra specifically denies any and all allegations in Plaintiff's Amended Complaint not expressly and specifically admitted herein. Ancra objects to the Amended Complaint wherein it refers to "at all times hereto," because it calls for a legal conclusion and further because the Amended Complaint fails to specify the time period at issue. In further answer to Plaintiff's Amended Complaint, Ancra states as follows:

8190732 v2

## COUNT I

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph I of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT II

### IIa.

Ancra admits only that it is a Delaware limited liability company with a principal place of business in Erlanger, Kentucky, and that it can be served through its Registered Agent CT Corporation System.

### IIb.

Ancra admits that its sole member is The Heico Companies, LLC, a limited liability company having its principal place of business in the State of Illinois.

## COUNT III

The allegations contained in Paragraph III of Plaintiff's Amended Complaint call for a legal conclusion and do not require a response from Ancra. To the extent the allegations contained in this paragraph require a response from Ancra, Ancra denies each and every allegation contained therein.

## COUNT IV

The allegations contained in Paragraph IV of Plaintiff's Amended Complaint call for a legal conclusion and do not require a response from Ancra. To the extent the allegations contained in this paragraph require a response from Ancra, Ancra denies each and every allegation contained therein.

8190732 v2

## COUNT V

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph V of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT VI

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph VI of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT VII

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph VII of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT VIII

Ancra denies the allegations as stated in Paragraph VIII of Plaintiff's Amended Complaint.

## COUNT IX

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph IX of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT X

Ancra is without knowledge or information sufficient to admit or deny the allegations of Paragraph X of Plaintiff's Amended Complaint and, therefore, denies those allegations.

## COUNT XI

Ancra denies the allegations of Paragraph XI of Plaintiff's Amended Complaint.

## COUNT XII

Ancra denies the allegations as stated in Paragraph XII of Plaintiff's Amended Complaint.

## COUNT XIII

Ancra denies the allegations as stated in Paragraph XIII of Plaintiff's Amended Complaint.

8190732 v2

## COUNT XIV

Ancra denies the allegations as stated in Paragraph XIV of Plaintiff's Amended Complaint.

## COUNT XV

Ancra denies the allegations as stated in Paragraph XV of Plaintiff's Amended Complaint.

## COUNT XVI

Ancra denies the allegations as stated in Paragraph XVI of Plaintiff's Amended Complaint.

## COUNT XVII

The allegations is Paragraph XVII do not require a response from Ancra.

Ancra denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause following Paragraph XVII of Plaintiff's Amended Complaint, including any subparts thereof.

Further answering, Ancra denies Plaintiff is entitled to the judgment or any relief sought against Ancra in the "Prayer" clause following Paragraph XVII of Plaintiff's Amended Complaint.

## **AFFIRMATIVE DEFENSES**

In further defense and response to the allegations in Plaintiff's Amended Complaint or as affirmative defenses to Plaintiff's claims, Ancra states:

1. Plaintiff has failed to allege facts sufficient to state a claim against Ancra upon which relief can be granted.

2. Plaintiff has failed to join all necessary parties.

3. Plaintiff's claims against Ancra are barred in whole or in part by the applicable statutes of limitation, statutes of repose or any other time limitations periods prescribed by law.

4. The negligence, fault, or carelessness of Plaintiff, including but not limited to misuse of the product, was the sole, intervening, or superseding cause of Plaintiff's alleged damages and, therefore, any recovery by Plaintiff against Ancra is barred.

8190732 v2

5. The negligence, fault, or carelessness of Plaintiff caused or contributed to Plaintiff's alleged damages and, therefore, any recovery by Plaintiff against Ancra is barred or diminished in proportion to the amount of negligence, fault or carelessness attributed to Plaintiff.

6. The negligence, fault or carelessness of other parties, persons or entities over which Ancra had no control, caused or contributed to Plaintiff's alleged damages and, therefore, any recovery by Plaintiff against Ancra is barred or diminished in proposition to the amount of negligence, fault or carelessness attributed to such persons or entities.

7. If Plaintiff was damaged, as alleged in the Amended Complaint or at all, then any alleged acts, errors and/or omissions of Ancra were of a passive, secondary and/or inconsequential nature in comparison to the active and primary acts, errors and/or omissions of Plaintiff, who therefore are not entitled to compensation for any damages allegedly sustained.

8. All acts, if any, of Ancra at the time of manufacture, sale or distribution of the product described in Plaintiff's Amended Complaint were in conformity with the state of the art at such times and, therefore, any recovery by Plaintiff against Ancra is barred.

9. Plaintiff failed to mitigate his damages and, therefore, any recovery by Plaintiff against Ancra should not include any loss which Plaintiff could have prevented by reasonable care and diligence.

10. Plaintiff, with full appreciation of the particular risks involved, knowingly and voluntarily assumed the risks and hazards of the activity complained of and his damages, if any.

11. Plaintiff's claims are barred by the doctrines of unclean hands, latches, estoppel, release and/or waiver to the extent shown by further discovery.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

13. Plaintiff's alleged claims are barred because any such alleged condition was open and obvious.

14. Ancra did not cause the alleged conditions, know of the alleged conditions, and/or should not have known of the alleged conditions.

15. Ancra did not manufacture the product at issue, and it did not acquire the liabilities of the entity that manufactured the subject product; therefore, it cannot be liable for damages alleged in Plaintiff's Amended Complaint.

16. If Plaintiff was damaged, as alleged in the Amended Complaint or at all, such damages were caused by the unforeseeable improper alteration and/or maintenance, and/or abnormal or improper use, of the product or product components in question.

17. If Plaintiff was damaged, as alleged in the Amended Complaint or at all, the negligence or fault of persons or entities other than Ancra were the sole, contributory, intervening and/or superseding proximate and legal cause of the damages allegedly suffered by Plaintiff and if liability is assessed against Ancra, which liability is denied, then Ancra is liable only for the amount of damages allocated to them in direct proportion to its percentage of fault.

18. Plaintiff, by his own acts, errors and/or omissions, has waived and/or released all claims, if any, against Ancra.

19. The product Plaintiff alleges was defective was designed and manufactured in a state of the art fashion and in compliance with all applicable government and industry standards.

20. Plaintiff had access to adequate warnings advising Plaintiff of potential risks in using the product.

8190732 v2

21. Ancra reserves the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other defendant, if any, to this action.

**JURY DEMAND**

Ancra demands a jury trial on all claims triable to a jury.

Dated: June 2, 2017

Respectfully submitted,

SHIELDS MOTT L.L.P.

/s/ Andrew G. Vicknair
Andrew G. Vicknair, #28448
Jessica R. Derenbecker, #32425
650 Poydras Street, Suite 2600
New Orleans, Louisiana
Telephone: (504) 581-4445
Facsimile: (504) 581-4440
AGVICKNAIR@SHIELDSMOTT.COM

Attorneys for Defendant

8190732 v2

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gary J. Gambel
Michael D. Letourneau
Murphy, Rogers, Sloss, Gambel & Tompkins
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA  70139

Jennifer N. Willis
Willis & Buckley, APC
3723 Canal Street
New Orleans, LA  70119

*Attorneys for Plaintiff*

/s/ Andrew G. Vicknair