UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS BRUCE                                    CIVIL ACTION

VERSUS                                          NO: 17-3940

ANCRA INTERNATIONAL, LLC                        SECTION: "H"(5)

## ORDER AND REASONS

Before the Court are five motions filed by Plaintiff Thomas Bruce: a Motion in Limine to Exclude the Testimony of Marshal Clark (Doc. 35), a Motion in Limine to Exclude Photographs Not Included in Clark's Report (Doc. 36), a Motion in Limine to Exclude Reference to Collateral Sources (Doc. 37), a Motion in Limine to Prohibit Reference to Labels on Exemplar Bars (Doc. 38), and a Motion to Strike Untimely Raised Affirmative Defenses (Doc. 45). For the following reasons, the Motion to Exclude the Testimony of Marshal Clark is DENIED, and the motions to Exclude Photographs Not Included in Clark's Report, Exclude Reference to Collateral Sources, Prohibit Reference to Labels on Exemplar Bars, and Strike Untimely Raised Affirmative Defenses are GRANTED.

1

## BACKGROUND

This products liability action arises out of injuries that Plaintiff Thomas Bruce allegedly suffered while using a winch bar manufactured by Defendant Ancra International, LLC ("Ancra"). Plaintiff alleges that he was using the bar for its intended purpose—to tighten straps around building materials on the back of a truck—when the tip of the bar snapped, causing the main shaft of the bar to strike Plaintiff in the shoulder and driving Plaintiff to the ground as a result.[1] Plaintiff alleges that a Chinese company fabricated the bar that Defendant subsequently labelled and sold.[2] Plaintiff suffered physical injury as a result of the incident and alleges that those injuries prevent him from working. Plaintiff sues for damages for past and future medical expenses, pain and suffering, past and future lost wages, and loss of enjoyment of life.

Plaintiff now submits four motions in limine and one motion to strike. Defendant opposes Plaintiff's Motion to Exclude the Testimony of Marshal Clark and Motion to Strike Untimely Raised Affirmative Defenses, but does not oppose Plaintiff's Motion to Exclude Photographs Not Included in Clark's Report, Motion to Exclude Reference to Collateral Sources, or Motion to Prohibit Reference to Labels on Exemplar Bars.

## LAW AND ANALYSIS

### I. Plaintiff's Motion to Exclude the Testimony of Marshal Clark

Plaintiff moves to exclude the testimony of Defendant's expert witness Marshal Clark as failing to meet the standard of *Daubert v. Merrell Dow*

---

[1] Doc. 4 at 3.
[2] Doc. 43 at 4.

*Pharmaceuticals, Inc.*[3] The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert* and *Kumho Tire Co. v. Carmichael*.[4] The threshold inquiry is whether the expert possesses the requisite qualifications to render opinion on a particular subject matter.[5] Having defined the permissible scope of the expert's testimony, a court next inquires whether the opinions are reliable and relevant.[6] In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the jury within that system.[7] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[8] As the "gatekeeper" of expert testimony, the trial court enjoys broad discretion in determining admissibility.[9]

---

[3] *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).
[4] *See* Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); *id.*
[5] Wagoner v. Exxon Mobil Corp., 813 F. Supp. 2d 771, 799 (E.D. La. 2011); *see also* Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").
[6] *See* United States v. Valencia, 600 F.3d 389, 424 (5th Cir. 2010).
[7] *See Daubert*, 509 U.S. at 596.
[8] *Id.*
[9] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).

Plaintiff argues that Clark's report and testimony should be excluded because a) Clark is not qualified to offer the opinions contained in his report, b) Clark failed to obtain basic facts relevant to the bar's failure, and c) Clark relied on speculation to form his conclusions. This Court disagrees.

Clark has a Ph.D. in metallurgical and materials engineering, teaches metallurgical engineering as an adjunct for the University of Utah, has authored multiple publications and presentations regarding metallurgy and welds, and has worked for many years in the field of metallurgic failure analysis. Clark has extensive experience evaluating metals and welds to determine the cause of their failure, exactly the issue on which he opines. The fact that Clark has not previously analyzed a winch bar specifically is not grounds for exclusion. Clark, therefore, is qualified to render expert opinions as to the causes of the failure of the bar at issue here.

Plaintiff argues that Clark's opinions fail to meet the standard of reliability set forth in *Daubert* because Clark did not determine the load limit of the bar, has never operated a winch bar, and did not know or seek to determine what welding process was used to join the tip of the bar to its shaft. None of these facts are grounds to exclude Clark's testimony. Rather, they are better addressed on cross examination. The core of Clark's opinion is that visual indicators on the fracture surface of the bar tip show that the break was caused by fatigue due to overloading over time. Such a conclusion does not necessarily depend on knowing the load limit of the bar or the type of weld used.

Plaintiff finally argues that many of Clark's conclusions or assumptions are mere speculation. The Court is satisfied that Clark provided sufficient foundation for the opinions in his report to clear the *Daubert* bar of reliability. Plaintiff is free to explore the basis for Clark's opinions on cross examination.

Accordingly, Plaintiff's Motion to Exclude the Testimony of Marshal Clark is DENIED.

## II. Plaintiff's Unopposed Motions in Limine

Plaintiff moves to exclude and prohibit reference to any photographs of the winch bar that were taken by Clark but not included in Clark's expert report.[10] Defendant makes no opposition. Pursuant to Federal Rule of Civil Procedure 16(b), this Court entered a scheduling order setting deadlines for the disclosure of expert reports that have now passed. The presumptive sanction under Rule 37(c)(1) for the failure to disclose is exclusion.[11] Defendant offers no justification for why Clark did not include other photographs in the report and no argument to counter the obvious prejudice that Plaintiff would suffer from the use of such photographs at trial. Accordingly, Plaintiff's Motion in Limine to Exclude Photographs Not Included in Clark's Report is GRANTED. Defendant shall not introduce or reference photographs taken by Clark and not included in his expert report.

Plaintiff also moves, pursuant to the collateral source rule, to prohibit Defendant from referencing the payment of medical expenses by Plaintiff's employer's worker's compensation insurer and the worker's compensation benefits that Plaintiff has received.[12] Louisiana law prohibits the introduction of evidence that a plaintiff has received benefits or payments from a collateral

---

[10] Doc. 36-1.
[11] *See* FED. R. CIV. P. 37(c)(1); *see also* Honey-Love v. United States, 664 F. App'x 358, 362 (5th Cir. 2016) (per curiam) ("[U]nder Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless.").
[12] Doc. 37.

source.[13] Accordingly, Plaintiff's Motion in Limine to Exclude Reference to Collateral Sources is GRANTED.

Plaintiff further moves to prohibit any reference to the labels that appear on any exemplar bars. Plaintiff points to Clark's deposition in which Clark states that the labels appearing on the bars changed between 2013—when the bar that injured Plaintiff was manufactured—and 2017—when the bars that Clark used as examples were manufactured.[14] This Court interprets Plaintiff's Motion as one to exclude evidence under Federal Rule of Evidence 402 as irrelevant.[15] Defendant offers no reason why a label that was not on the bar that is the subject of this lawsuit is relevant. Accordingly, Plaintiff's Motion in Limine to Prohibit Reference to Labels on Exemplar Bars is GRANTED. There shall be no reference to the labels on the exemplar bars.

### III. Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff moves to strike two of Defendant's affirmative defenses as untimely. In its pretrial order inserts, Defendant asserted the comparative fault of Plaintiff's employer and of the Chinese fabricator of the bar.[16] In its Answer, on the other hand, Defendant only specifically asserted the negligence of Plaintiff as an affirmative defense.[17] Defendant merely asserted the negligence of other parties generally, stating that,

> The negligence, fault or carelessness of other parties, persons or entities over which Ancra had no control, caused or contributed to Plaintiff's alleged damages and, therefore, any recovery by Plaintiff against Ancra is barred or diminished in proposition to

---

[13] *See* Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs., 527 F.3d 412, 425 (5th Cir. 2008) (citing Bozeman v. State, 879 So. 2d 692, 697 (La. 2004)).
[14] *See* Doc. 35-2 at 14.
[15] *See* FED. R. EVID. 402.
[16] *See* Doc. 44 at 11.
[17] Doc. 7 at 4–5.

6

the amount of negligence, fault or carelessness attributed to such persons or entities.[18]

Plaintiff argues that Defendant failed to plead sufficient facts in its Answer to put Plaintiff on notice that Defendant would assert the negligence of Plaintiff's employer and of the Chinese fabricator of the bar, and therefore Defendant has waived those defenses.

Rule 8(c)(1) of the Federal Rules of Civil Procedure requires a defendant to affirmatively state any affirmative defense in its answer.[19] "A defendant must plead with 'enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced.'"[20] "In a diversity case, substantive state law determines what constitutes an affirmative defense."[21] Under Louisiana law, the negligence or fault of parties other than the defendant is generally an affirmative defense.[22] The key question is whether the affirmative defense raises a "new matter."[23] Similarly, under federal law, a technical failure to plead an affirmative defense may be excused if the "matter is raised in the trial court in a manner that does not result in unfair surprise."[24]

Defendant failed to plead sufficient facts to put Plaintiff on notice that it would be asserting the negligence of Plaintiff's employer and the Chinese fabricator of the bar. Other than the specific reference to Plaintiff's own negligence, Defendant's Answer asserted only the negligence of "other parties."

---

[18] Doc. 7 at 5.
[19] *See* FED. R. CIV. P. 8(c)(1).
[20] LSREF2 Baron, L.L.C. v. Tauch, 751 F.3d 394, 398 (5th Cir. 2014) (quoting Rogers v. McDorman, 521 F.3d 381, 385–86 (5th Cir. 2008)).
[21] *Id.*
[22] *See* LA. CODE CIV. P. art. 1005; *id.*
[23] *See* Bienvenu v. Allstate Ins. Co., 819 So. 2d 1077, 1080 (La. App. 4 Cir. 2002).
[24] *See* McCadney v. Hamilton, 706 F. App'x 188, 189 (5th Cir. 2017) (quoting Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855–56 (5th Cir. 1983)) (per curiam).

Such broad, boilerplate statements do not satisfy the requirements of Rule 8(c)(1).[25] Nor did Defendant's various discovery responses provide enough notice to Plaintiff to overcome Defendant's technical failure to comply with the rule. Listing a witness as having "knowledge of the sourcing" of the bar or producing documents containing the identity of the company that fabricated the bar do not indicate that Defendant planned to assert that entity's fault. Defendant argues that, "it [was] easy to see the direction in which Ancra was focusing its discovery."[26] This is precisely the guessing game that Rule 8(c)(1) is intended to avoid.

The extremely late notice of Defendant's intent to argue the negligence of the bar's fabricator and Plaintiff's employer leaves little to no time for Plaintiff to prepare a proper response. Viewing the context of the litigation as a whole, including Counsel for Defendant's lack of candor with the Court, Defendant failed to plead sufficient facts to put Plaintiff on notice that Defendant planned to assert the fault of the fabricator or Plaintiff's employer and did not remedy that failure at any subsequent time. Accordingly, Plaintiff's Motion to Strike is GRANTED. Any references to the fault of the bar's fabricator or Plaintiff's employer are stricken from the pretrial order and excluded from trial.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Exclude the Testimony of Marshal Clark is DENIED, and the motions to Exclude Photographs Not Included in Clark's Report, Exclude Reference to Collateral Sources, Prohibit

---

[25] *See* Woodfield v. Bowman, 193 F.3d 354, 361 (5th Cir. 1999).
[26] Doc. 50 at 6.

8

Reference to Labels on Exemplar Bars, and Strike Untimely Raised Affirmative Defenses are GRANTED.

New Orleans, Louisiana this 12th day of April, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**