# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| | * | |
| **THOMAS BRUCE** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **2:17-cv-03940-JTM-JCW** |
| | * | |
| **ANCRA INTERNATIONAL, LLC** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>JOINT REQUESTED JURY INSTRUCTIONS</u>

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, Thomas Bruce, and Defendant, Ancra International, LLC, who submit the following joint requested jury instructions with the noted objections and responses.

Respectfully submitted,

 _/s/ Jennifer N. Willis_
JENNIFER N. WILLIS (#14877)
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:    (504) 488-6301
Facsimile:     (504) 488-6302
jenniferw@willisbuckley.com

_/s/ Gary J. Gambel_
GARY J. GAMBEL    (#19864)
MURPHY, ROGERS, SLOSS, GAMBEL
    & TOMPKINS
One Shell Square, Suite 400
701 Poydras Street
New Orleans, Louisiana     70139
Telephone:   (504) 523-0400
Facsimile:    (504) 523-5574
ggambel@mrsnola.com

_ATTORNEYS FOR PLAINTIFF,_
_THOMAS BRUCE_

_/s/ Joseph P. Tynan_
JOSEPH P. TYNAN   (#12973)
LEWIS, BRISBOIS, BISGAARD &
    SMITH, LLP
400 Poydras Street, Suite 2000
New Orleans, Louisiana     70130
Telephone:   (504) 302-0484
Facsimile:    (504) 754-7569
Joseph.Tynan@lewisbrisbois.com

_ATTORNEYS FOR DEFENDANT,_
_ANCRA INTERNATIONAL, LLC_

## <u>JOINT REQUESTED PATTERN JURY INSTRUCTIONS</u>

Plaintiff and Defendant have jointly requested the following Pattern Jury Instructions.  Plaintiff does not object to the inclusion of Pattern Charge 15.4 or 15.7; however, Plaintiff does not have a claim for either property damage or punitive damages. These pattern charges were requested by Defendant but would seem inappropriate in this case; however, Plaintiff does not object if the Court wishes to give them:

1.1     Instructions for Beginning of Trial

1.2     Preliminary Instructions to Jury

2.1     First Recess

2.2     Stipulated Testimony

2.3     Stipulations of Fact

2.4     Judicial Notice

2.16    Corporate Party

3.2     Burden of Proof

3.3     Evidence

3.4     Witnesses

3.5     Expert Witnesses

3.7     Duty to Deliberate; Notes

15.1-
15.7    Damages

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

An injured party may recover damages from a manufacturer of a product if the damages arose during the reasonably anticipated use of the product because the product was defective.   "A claimant may recover under the [Louisiana Products Liability] Act by proving that the damage arose from a reasonably anticipated use of the product and that the product is unreasonably dangerous in at least one of the following ways:   (1)   in construction or composition;   (2)   in design;   (3)   for inadequate warning; or,   (4)   for the product's failure to conform to an express warranty of the manufacturer.

La. R.S. 9:2800.54;

*State Farm Mut. Auto. Ins. Co. v. Wrap-On Co., Inc.*,
626 So.2d 874, 876 (La. App. 3rd Cir. 1993); *writ denied*,
630 So.2d 800 (La. 1994).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction to the extent it gives the jury an option to find that the winch bar was unreasonably dangerous in design, or because the winch bar failed to comply with an express warranty.   There is no evidence of improper design nor of inadequate warning nor of failure to confirm to an express warranty, nor has plaintiff made those claims against Ancra.   See the last paragraph of plaintiff's Material Facts, Paragraph 6 of the Pre-Trial Order.   Ancra requests that the second sentence be changed to read:

Here, plaintiff may recover by proving that his injury arose from a reasonably anticipated use of the product and that the product is unreasonably dangerous either in construction or composition.

**<u>PLAINTIFF'S RESPONSE TO OBJECTION</u>**:

Defendant is correct that Plaintiff is not claiming a design defect or a breach of express warranty.   However, this is a standard products liability charge given to explain the function of the products liability act and normally given before instructions as to the specific types of defects claimed.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

A reasonably anticipated use means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances as the Plaintiff. Reasonably anticipated use includes a reasonably anticipated alteration or modification or includes changes arising from ordinary wear and tear.

La. R.S. 9:2800.53(7);

La. R.S. 9:2800.53 (7) and (8);

*Dunn v. Wal-Mart Stores, Inc.*, 679 So.2d 1034, 1037 (La. App. 1 Cir. 1996).

**DEFENDANT'S OBJECTION**:

Ancra objects to the second sentence of this instruction.  It improperly combines two separate definitions in La.R.S. 9:2800(7) and La.R.S. 9:2800(8); 2800(8) does not modify or relate to 2800(7).  Also, the cited case does not support the second sentence of the instruction, as that case did not mention La.R.S. 9:2800(8), and did not involve an alteration or modification at all.  The instant case also does not involve an alteration or modification of the winch bar.

6

**PLAINTIFF'S RESPONSE TO OBJECTION**:

The jury charge quoted above is an accurate statement of the provisions of La. R.S. 9:2800.53 (7) and (8).   La. R.S. 9:2800.53 states that ordinary wear and tear is a reasonably anticipated alteration or modification.   It also states that a change in a product that the product's manufacturer should reasonably expect to be made by an ordinary person in the same or similar circumstances is a reasonably anticipated alteration or modification. Defendant's objection makes no sense.   Defendant has claimed that the bar was misused or overused; therefore, this jury charge, as it relates to ordinary wear and tear, is both appropriate and necessary.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

Reasonably anticipated alteration or modification means a change in a product that the product's manufacturer should reasonably expect, including a change arising from ordinary wear and tear.

La. R.S. 9:2800.53 (7) and (8).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction, as it improperly combines two separate definitions in La.R.S. 9:2800(7) and La.R.S. 9:2800(8); 2800(8) does not modify or relate to 2800(7). Moreover, no alteration or modification was ever made to the winch bar.

## PLAINTIFF'S RESPONSE TO OBJECTION:

The jury charge quoted above is an accurate statement of the provisions of La. R.S. 9:2800.53 (7) and (8).  La. R.S. 9:2800.53 states that ordinary wear and tear is a reasonably anticipated alteration or modification.   It also states that a change in a product that the product's manufacturer should reasonably expect to be made by an ordinary person in the same or similar circumstances is a reasonably anticipated alteration or modification. Defendant's objection makes no sense.   Defendant has claimed that the bar was misused or overused; therefore, this jury charge, as it relates to ordinary wear and tear, is both appropriate and necessary.

## <u>JOINT REQUESTED JURY INSTRUCTION NO. 4</u>

A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.


La. R. S. 9:2800.55.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time it left its manufacturer's control, the product possessed a characteristic that may cause damage, and the manufacture failed to use reasonable care to provide adequate warning of such characteristic and its dangers to users and handlers of the product.

La. R.S. 9:2800.57(A);

*Thomas v. Clairol, Inc.*, 583 So.2d 108, 110 (La. App. 3 Cir. 1991).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction because plaintiff has not made a claim that the winch bar had a dangerous characteristic in this case.   Even if such a claim had been made, the Fifth Circuit has held that, " . . . a plaintiff must provide evidence about the 'cause, frequency, severity, or consequences' of the dangerous characteristic in question." *Stahl v. Novaris Pharms. Corp.,* 283 F.3d 254, 264 (5th Cir. 2002). [Citations omitted.] Plaintiff's claims in the instant case are, specifically, "The winch bar that injured Mr. Bruce contained a manufacturing defect," and, "The manufacturing defect was the cause of Mr. Bruce's accident."   See Pre-Trial Order, R. Doc. 44, p. 6 of 24.   His claims are for a manufacturing defect, not a dangerous characteristic.

**<u>PLAINTIFF'S RESPONSE TO OBJECTION</u>**:

The issue of warnings has been raised by Defendant, not Plaintiff.   Defendant is attempting to use a warning (generally a warning that was on the bar subsequent to the time that this bar was manufactured and sold) to somehow demonstrate misuse on the part of the Plaintiff.   To counter that defense, Plaintiff has raised the issue that there was a change in the warning between the time that the subject bar was sold and the time that the warning upon which Defendant relies was placed on the bar.   The warning contained on the bar at the time the subject bar was sold had no cautions relating to orientation of the tip of the bar during use.   That was subsequently changed.   If, as Defendant contends, the bar was more likely to break in tip down use (again the Defendant's contention not the Plaintiff's), Plaintiff is entitled to assert that the warning was inadequate.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

A product may be unreasonably dangerous if a manufacturer fails to adequately warn about a danger that is related to the way the product is designed.

> *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 707 (La. App. 1 Cir.),
> *writ denied*, 605 So.2d 1099 (La. 1992), and *writ denied*,
> 605 So. 2d 1100 (La. 1992).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction because plaintiff has never made a claim that the winch bar failed because of the way it is designed.   Plaintiff's claims in the instant case are, specifically, "The winch bar that injured Mr. Bruce contained a manufacturing defect," and, "The manufacturing defect was the cause of Mr. Bruce's accident."   See Pre-Trial Order, R. Doc. 44, p. 6 of 24.   His claims are for a manufacturing defect, not a design characteristic.   Also, the cited case is a pre-LPLA cases, decided under the *Halphen [v.Johns-Manville Sales Corp., 484 So.2d 110 (La. 1986)]* standard of "unreasonably dangerous per se" which is not the standard since the passage of the LPLA.

## PLAINTIFF'S RESPONSE TO OBJECTION:

The issue of warnings has been raised by Defendant, not Plaintiff.   Defendant is attempting to use a warning (generally a warning that was on the bar subsequent to the time that this bar was manufactured and sold) to somehow demonstrate misuse on the part of the

Plaintiff.   To counter that defense, Plaintiff has raised the issue that there was a change in the warning between the time that the subject bar was sold and the time that the warning upon which Defendant relies was placed on the bar.   The warning contained on the bar at the time the subject bar was sold had no cautions relating to orientation of the tip of the bar during use.   That was subsequently changed.   If, as Defendant contends, the bar was more likely to break in tip down use (again the Defendant's contention not the Plaintiff's), Plaintiff is entitled to assert that the warning was inadequate.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

Adequate warning means a warning or instruction that would allow an ordinary, reasonable user or handler of a product to contemplate the danger in using or handling the product and either decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.

La. R.S. 9:2800.53(9).

## DEFENDANT'S OBJECTION:

"Inadequate warning" claims are connected with a claim for an inherent characteristic of a product, not for a claim of manufacturing defect.   Ancra objects to this instruction.

## PLAINTIFF'S RESPONSE TO OBJECTION:

The issue of warnings has been raised by Defendant, not Plaintiff.   Defendant is attempting to use a warning (generally a warning that was on the bar subsequent to the time that this bar was manufactured and sold) to somehow demonstrate misuse on the part of the Plaintiff.   To counter that defense, Plaintiff has raised the issue that there was a change in the warning between the time that the subject bar was sold and the time that the warning upon which Defendant relies was placed on the bar.   The warning contained on the bar at the time the subject bar was sold had no cautions relating to orientation of the tip of the bar

during use.  That was subsequently changed.  If, as Defendant contends, the bar was more likely to break in tip down use (again the Defendant's contention not the Plaintiff's), Plaintiff is entitled to assert that the warning was inadequate.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

In the context of a manufacturer's duty to warn of dangers in the use of a product, the manufacturer is obligated to anticipate the circumstances and/or environment in which the product will be used and to give notice of the potential risks arising from foreseeable use in the foreseeable circumstances and/or environment.

*Johnson v. Chicago Pneumatic Tool Co.*, 607 So.2d 615, 617
(La. App. 1 Cir.), *writ denied*, 607 So.2d 109 (La. 1992);

*Johnson v. Hartford Insurance Co.*, 623 So.2d 35 (La. App. 1 Cir.),
*writ denied*, 626 So.2d 1170 (La. 1993).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction. "Inadequate warning" claims are connected with a claim for an inherent characteristic of a product, not for a claim of manufacturing defect. The instruction also is a mis-statement of the law. Both of the cited cases are pre-LPLA cases, decided under the *Halphen [v.Johns-Manville Sales Corp., 484 So.2d 110 (La. 1986)]* standard, requiring the plaintiff to prove that the product was unreasonably dangerous to normal use. *Johnson*, 607 So.2d at 617. "The LPLA's 'reasonably anticipated use' standard should be contrasted with the pre-LPLA 'normal use' standard." *Kampen v. American Isuzu Motors,* 157 F.3d 306, 309 (5th Cir. 1998). The LPLA changed the standard from "normal use" to "reasonably anticipated use."

**PLAINTIFF'S RESPONSE TO OBJECTION**:

The issue of warnings has been raised by Defendant, not Plaintiff.   Defendant is attempting to use a warning (generally a warning that was on the bar subsequent to the time that this bar was manufactured and sold) to somehow demonstrate misuse on the part of the Plaintiff.   To counter that defense, Plaintiff has raised the issue that there was a change in the warning between the time that the subject bar was sold and the time that the warning upon which Defendant relies was placed on the bar.   The warning contained on the bar at the time the subject bar was sold had no cautions relating to orientation of the tip of the bar during use.   That was subsequently changed.   If, as Defendant contends, the bar was more likely to break in tip down use (again the Defendant's contention not the Plaintiff's), Plaintiff is entitled to assert that the warning was inadequate.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

The duty of a manufacturer to warn is continuing.   A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonable prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

La. R.S. 9:2800.57(C).

**DEFENDANT'S OBJECTION**:

Ancra objects to this instruction.   Plaintiff has not made a claim regarding a characteristic of the winch bar which makes it unreasonably dangerous; such a claim is a one for failure in design, which has not been made here.   Plaintiff claims that the winch bar was unreasonably dangerous because of a manufacturing defect.   Plaintiff's claims in the instant case are, specifically, "The winch bar that injured Mr. Bruce contained a manufacturing defect," and, "The manufacturing defect was the cause of Mr. Bruce's accident."   See Pre-Trial Order, R. Doc. 44, p. 6 of 24.   His claims are for a manufacturing defect, not a design characteristic.   Moreover, the first sentence of the instruction is not part of the statute plaintiff cites.

**<u>PLAINTIFF'S RESPONSE TO OBJECTION</u>**:

Again, the issue of warning, and the changes in the warning, were interposed into this matter by Defendant, not Plaintiff.  If indeed use of the bar in one orientation was more likely to cause failure than the use of the bar in another, the Defendant had a duty to warn.   There is no evidence that that occurred in this case and, in fact, Defendant's own expert admitted that such "misuse" would not be a causative factor in the accident.   If Defendant does not intend to claim misuse in the way in which the bar was operated, these jury instructions will not be needed.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

[A] manufacturer is held to the knowledge and skill of an expert . . . [and] must keep abreast of scientific knowledge, discoveries, and advances and is presumed to know what is imparted thereby, as related to the manufacturer's product.

Under [the] failure to warn theory, evidence as to the knowledge and skill of an expert may be admissible in determining whether the manufacturer breached its duty.

*Simeon v. Doe*, 618 So.2d 848, 852 (La. 5/24/1993).

## DEFENDANT'S OBJECTION:

Ancra objects to this instruction.   The cited case involved an injury which occurred in 1986 [618 So.2d at 849], two years before the LPLA was enacted, and the case was decided under the pre-LPLA   *Halphen [v.Johns-Manville Sales Corp., 484 So.2d 110 (La. 1986)]* standard, requiring the plaintiff to prove that the product was unreasonably dangerous to normal use.   *Johnson*, 607 So.2d at 617.   "The LPLA's 'reasonably anticipated use' standard should be contrasted with the pre-LPLA 'normal use' standard." *Kampen v. American Isuzu Motors,* 157 F.3d 306, 309 (5th Cir. 1998).   The LPLA changed the standard from "normal use" to "reasonably anticipated use."

**<u>PLAINTIFF'S RESPONSE TO OBJECTION</u>**:

Again, the issue of warning, and the changes in the warning, were interposed into this matter by Defendant, not Plaintiff.  If indeed use of the bar in one orientation was more careless than the use of the bar in another, the Defendant had a duty to warn.   There is no evidence that that occurred in this case and, in fact, Defendant's own expert admitted that such "misuse" would not be a causative factor in the accident.   If Defendant does not intend to claim misuse in the way in which the bar was operated, these jury instructions will not be needed.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

[W]here the manufacturer fails to give an adequate warning, a presumption arises that the user would have read and heeded an adequate warning.

*Isgitt v. State Farm Ins. Co.*, No. 13-204 (La. App. 3rd Cir. 10/16/2013), 156 So. 3d 669, 673.

**DEFENDANT'S OBJECTION**:

Ancra objects to this instruction.   This case does not involve a characteristic of the winch bar which allegedly makes it dangerous.   Plaintiff's claims are for a manufacturing defect, for which no adequate warning can be given.   Also, the cited case was not decided under the LPLA.

**PLAINTIFF'S RESPONSE TO OBJECTION**:

Again, the issue of warning, and the changes in the warning, were interposed into this matter by Defendant, not Plaintiff.   If indeed use of the bar in one orientation was more careless than the use of the bar in another, the Defendant had a duty to warn.   There is no evidence that that occurred in this case and, in fact, Defendant's own expert admitted that such "misuse" would not be a causative factor in the accident.   If Defendant does not intend to claim misuse in the way in which the bar was operated, these jury instructions will not be needed.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12

A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product becomes a manufacturer under the Louisiana Products Liability Act.    A manufacturer is liable for all defects in the product.

La. R.S. 9:2800.53.

## DEFENDANT'S OBJECTION:

A non-manufacturing seller who does not vouch for the product by holding it out s his own does not incur liability under the Louisiana Product Liability Act, but is responsible for damages only if he knew or should have known that the product sold was defective, and failed to declare it.

*Reaux v. Deep South Equipment Co.,* 2002-1571 (La. App. 4th Cir. 01/05/03), 840 So.2d 20, 23.

To find liability in this context, three requirements must be met:   First, the product sold by the seller must be defective; Second, the seller must have actual or constructive knowledge that the product it sold was defective; Third, the seller must have failed to declare the defect.

*Alexander v. Toyota Motor Sales, U.S.A.,* 13-0756 (La. 09/27/13), 123 So.3d 712, 714.

**<u>PLAINTIFF'S RESPONSE TO OBJECTION</u>**:

The cases cited by Defendant are completely inapposite.   Both of those cases involved sellers who had not made themselves manufacturers under the LPLA.   Ancra is a manufacturer, not, as in those cases, a seller only.   Their involvement was purely as the seller, and those cases related only to sellers with knowledge of a defect.   The quotes themselves show that the cases cited are not apposite "a non-manufacturing seller." Defendant's objections have no merit whatsoever.

24

## <u>JOINT REQUESTED JURY INSTRUCTION NO. 13</u>

A seller of a product who exercises control over or influences a characteristic of design, construction, or quality of the product which causes damage is a manufacturer under Louisiana law.

La. R.S. 9:2800.53(1)(b).

## JOINT REQUESTED JURY INSTRUCTION NO. 14

The plaintiff is entitled to recover if he proves that it is more likely than not that the fault of one or more of the defendants was a legal or proximate cause of his injuries. Under Louisiana law, a defendant's legal fault is a cause in fact of a plaintiff's harm if that fault "in any way contributed to the harm."

*Pastor v. Lafayette Building Assn.*, 567 So.2d 793, 795-796 (La. App. 3rd Cir. 1990);

*Antee v. Southern Pacific Transportation Co.*, 627 So.2d 798, 800 (La. App. 2nd Cir. 1993);

*Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La. 1993);

*Dixie Drive-It-Yourself System v. American Beverage Co.*, 242 La. 471, 481-482, 137 So.2d 298 (La. 1962);

*Brown v. Louisiana Department of Highways*, 373 So.2d 605, 608 (La. App. 3rd Cir. 1979);

*Mathieu v. Imperial Toy Corp.*, 632 So.2d 375, 379 (La. App. 4th Cir. 1994).

## JOINT REQUESTED JURY INSTRUCTION NO. 15

Comparative fault is a defense to a tort suit and the defendant must prove that the plaintiff was [comparatively] negligent.

The test for [comparative fault] is the same as for primary negligence and is that conduct which falls below the standard to which a person should conform for his own safety and protection, the standard being that of a reasonable person in like circumstances. The burden of proving [comparative fault] must be borne by the defendant.

In other words, the plaintiff is not required to disprove or to negate any alleged comparative fault.   It is up to the defendant to prove by a preponderance of the evidence, not merely that the plaintiff was negligent, but also that this negligence was a proximate cause of the injuries for which the plaintiff seeks to recover.

Louisiana Civil Code Article 2323;

*Smith v. Travelers Insurance Company*, 430 So.2d 55, 59 (La. 1983) *citing Tucker v. Lirette*, 400 So.2d 647 (La. 1981);

*Davis v. New Orleans Public Belt Railroad*, 375 So.2d 395, 397 (La. App. 4th Cir. 8/21/1979); *Corrected on Denial of Rehearing Oct. 12, 1979, citing Pfister v. Phoenix of Hartford Insurance Company*, 290 So.2d 362 (La. App. 4th Cir. 1974).

## JOINT REQUESTED JURY INSTRUCTION NO. 16

To the extent that a party defendant seeks to have the benefit of comparative fault as a defense, it bears the burden of proof that the other party's fault was a cause in fact of the damage being complained about.

*Robinette v. Lafon Nursing Facility of the Holy Family*, 2015-1363
(La. App. 4th Cir. 6/22/17), 223 So.3d 68.

## JOINT REQUESTED JURY INSTRUCTION NO. 17

Each case involving personal injury is unique and must be evaluated according to its own peculiar facts and circumstances.   The general rule in Louisiana is that anyone who causes harm to another is responsible to the injured party in civil damages.   These damages include compensation for past and future medical expenses incurred and loss of earning capacity.   These actual expenses are known as special damages.

In addition to special damages, Louisiana law allows a victim in a personal injury case to receive general damages in an amount that is consistent with the evidence. General damages include past and future emotional distress, past and future physical pain and suffering, past and future mental anguish, physical disfigurement, physical disability, loss of consortium, and the like.

Your award should be designed fully and fairly to compensate Thomas Bruce, if you conclude that plaintiff has proven injuries due to the fault of the defendant or due to a defect in defendant's winch bar.

The law is fully cognizant of the difficulty in translating personal injuries into a dollars and cents figure that can fairly and adequately compensate the plaintiff for damages already suffered and for damages likely to be suffered in the future.   This means that you may make an effort to reasonably approximate the damages which plaintiff has proved are more probable than not, even though some damages cannot be computed with mathematical certainty.

*6 La. Civ. L. Treatise, Law of Obligations §8.6 (2d. ed.), Special vs. General Damages*;

Louisiana Civil Code Article 2315;

*Hebert v. Domingue*, 473 So.2d 120, 127 (La. App. 3rd Cir.), *writ den'd*, (La. 1985);

*Harrington v. City of Abbeville*, 471 So.2d 1160, 1164 (La. App. 3rd Cir. 1985);

*Reck v. Stevens*, 373 So.2d 498, 501 (La. 1970);

*Champagne v. Lee*, 470 So.2d 378, 381-382 (La. App. 5th Cir.), *writ dismissed*, 472 So.2d 911 (La. 1985);

*Freeman v. Harold Dickey Transport, Inc.*, 467 So.2d 194, 196-198 (La. App. 3rd Cir. 1985);

*Holmes v. Texaco, Inc.*, 422 So.2d 1302, 1305 (La. App. 5th cir. 1982).

## JOINT REQUESTED JURY INSTRUCTION NO. 18

A product is unreasonably dangerous in construction or composition if, at the time it left the manufacturer's control, it deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.  In order to recover, a claimant must demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it "unreasonably dangerous."

La. R.S. 9:2800.55;

*Welch v. Technotrim, Inc.*, 34,355 (La. App. 2d Cir. 01/24/01), 778 So.2d
728, 733. [Internal citations omitted.]

**JOINT REQUESTED JURY INSTRUCTION NO. 19**

You must not conclude from the happening of an injury that it was any Defendant's conduct that caused Plaintiff's injury.   Plaintiff must prove by a preponderance of the evidence that Defendant's conduct caused Plaintiff's harm.


*Watkins v. Kerr-McGee Oil Industries, Inc.*, 460 So.2d 763, 764
(La App 3rd Cir. 1984).

## JOINT REQUESTED JURY INSTRUCTION NO. 20

The weight to be accorded to the testimony of experts depends largely on their qualifications and the facts on which they base their opinions.  In weighing opposing expert opinions you should consider the education and experience of the expert in the particular science or field, the reasons given in support of the opinion, and other evidence which supports or detracts therefrom.

*Cockerham v. Atlantic Richfield Co.*, 615 So.2d 547, 554-555
(La. App. 3d Cir. 3/3/93).